1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  PADDED SPACES LLC,                          CASE NO. C21-0751JLR

11                            Plaintiff,        ORDER GRANTING MOTION
                                                FOR ALTERNATIVE SERVICE
          v.
12
13  DAVID WEISS, et al.,

14                            Defendants.

15                    **I.    INTRODUCTION**

16        Before the court is Plaintiff Padded Spaces LLC's ("Padded Spaces") motion for

17  alternative service of process pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Mot.

18  (Dkt. # 12).)  Padded Spaces seeks leave to serve Defendant Yalong Technology Co. Ltd.

19  ("Yalong") by email and via the messaging system available on Yalong's Amazon.com

20  storefronts.  (*See generally id.*)  The court has considered the motion, the materials

21  //

22  //

1    submitted with the motion, the balance of the record, and the governing law.[1]  Being fully

2    advised, the court GRANTS Padded Spaces's motion for alternative service.

3                                    **II.     BACKGROUND**

4            On June 8, 2021, Padded Spaces filed its initial complaint in this action, alleging

5    claims for patent infringement, trade dress infringement, and unfair competition against

6    Yalong and three other defendants.[2]  (Compl. (Dkt. # 1).)  It filed an amended complaint

7    on August 6, 2021.  (Am. Compl. (Dkt. # 5).)  Padded Spaces alleges that Yalong, a

8    Chinese company, has infringed its patent and trade dress rights in the design of its Prop

9    n' Go Slip lap desk, which provides "more comfortable experiences for users, for

10   example, when using a tablet, laptop, or other device, or reading a book or magazine, in

11   bed or on a couch."  (Mot. at 2-3 (citing Am. Compl. ¶¶ 14-24).)  It alleges that Yalong

12   sells its infringing product on Amazon.com under the aliases "gYaron" and "zhanwang."

13   (*Id.* at 3 (citing Am. Compl. ¶¶ 8, 23-26, 34-39).)  The "gYaron" seller profile on

14   Amazon lists a physical address for Yalong in Dongguan City, Guangdong Province,

15   China.  (Shewmake Decl. (Dkt. # 13) ¶ 3, Ex. A (screenshot of "gYaron" seller profile).)

16          On September 3, 2021, Padded Spaces filed a notice that it had, in an effort to

17   serve Yalong, submitted a service request to the Central Authority designated by the

18   People's Republic of China pursuant to the Hague Convention on the Service Abroad of

19

20          [1] Although this motion is noted for consideration on May 13, 2022, Yalong has not
     appeared in this case and the court assumes it will not file a response.  (*See generally* Dkt.)
21   Therefore, the court sees no reason to delay issuing this order.

22          [2] Padded Spaces dismissed its claims against all Defendants except Yalong on September
     16, 2021.  (*See* Not. of Voluntary Dismissal (Dkt. # 8).)

Judicial and Extrajudicial Documents ("Hague Convention").  (Not. of Service Req. (Dkt. # 7).)  At the time, service on Yalong through the Hague Convention was expected to take 18-26 weeks.  (*See id.*)  On October 26, 2021, the court directed Padded Spaces to file status reports every 90 days regarding its efforts to serve Yalong.  (10/26/21 Order (Dkt. # 9).)

On December 1, 2021, Padded Spaces informed the court that its service request had been transferred to the Supreme People's Court in the People's Republic of China for further processing.  (12/1/21 Report (Dkt. # 10).)  On March 1, 2022, Padded Spaces informed the court that its attempt to serve Yalong via the Hague Convention was not successful.  (3/1/22 Report (Dkt. # 11).)  The formal affidavit and certificate of non-service provided by the Chinese Central Authority stated that the documents could not be served because the officials designated to effect service could not find any information about Yalong despite searching multiple databases and making inquiries to local officials and because the address (which Yalong had provided on its "gYaron" seller profile) was "not specific enough."  (Shewmake Decl. ¶ 5, Ex. B (translated copy of the Chinese Central Authority's certificate of non-service).)

Padded Spaces and its counsel have since unsuccessfully attempted to identify an alternative physical address for Yalong.  (*Id.* ¶ 6.)  They also have not identified any channels other than Amazon.com through which Yalong does business.  (*Id.* ¶ 7.)  They have, however, identified two possible means of contacting Yalong:  through messages sent via Yalong's Amazon.com storefronts and through the email addresses associated with its Amazon.com seller profiles.  First, counsel for Padded Spaces sent a message

1  about this lawsuit and a copy of the amended complaint to Yalong using the "Ask a

2  Question" button on the "gYaron" seller profile.  (*Id.* ¶¶ 10-11, Exs. D-E (screenshots of

3  Amazon.com's messaging system indicating that the message was successfully sent).)

4  Although counsel did not receive a response to his message, he also did not receive any

5  indication that the message was not delivered to or received by Yalong.  (*Id.* ¶ 12.)

6  Second, counsel sent an email about this lawsuit and a copy of the amended complaint to

7  the email address associated with the "zhanwang" profile:  3034240135@qq.com.  (*Id.*

8  ¶ 13, Ex. F (email from Amazon.com providing the "zhanwang" email address); *id.* ¶ 14,

9  Ex. G (email from counsel to 3034240135@qq.com).)  Again, although counsel did not

10  receive a response to his message, he did receive confirmation that delivery to the email

11  address was complete and did not receive any indication that the message was not

12  delivered or received.  (*Id.* ¶ 15, Ex. H (email confirmation message).)

13                           **III.    ANALYSIS**

14          Federal Rule of Civil Procedure 4(h) governs service of process on foreign

15  businesses.  Fed. R. Civ. P. 4(h).  Rule 4(h)(2) authorizes service of process on a foreign

16  corporation "at a place not within any judicial district of the United States, in any manner

17  prescribed by Rule 4(f) for serving an individual, except personal delivery under

18  (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rules 4(f)(1) and 4(f)(2) provide specific methods

19  of serving process on individuals in foreign countries.[3]  *See* Fed. R. Civ. P. 4(f)(1)-(2).

20

21          [3] Rule 4(f)(1) allows service of process "by any internationally agreed means of service
    that is reasonably calculated to give notice, such as those authorized by the [Hague
22  Convention]."  Fed. R. Civ. P. 4(f)(1).  Rule 4(f)(2) allows service of process, "if there is no
    internationally agreed means," by a method that is reasonably calculated to give notice as

Rule 4(f)(3) allows international service by a method not listed in Rule 4(f)(1) or (2) if the method is "not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3); *see also Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002).  As long as the method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.* at 1014.

"Even if facially permitted by Rule 4(f)(3)," however, "a method of service of process must also comport with constitutional notions of due process." *Id.* at 1016. Thus, the "method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Thus, the court proceeds to analyze (1) whether service of process by the methods proposed by Padded Spaces is permitted under Rule 4(f)(3) and (2) whether those methods comport with due process.

A.      **Rule 4(f)(3)**

First, the court must determine whether service of process on defendants in China by email and via the Amazon.com storefront messaging system is "prohibited by international agreement."  Fed. R. Civ. P 4(f)(3).  The court concludes that these methods

---

prescribed by the foreign country's law for service; directed by a foreign authority; or, unless prohibited by the country's law, by delivering the summons and complaint to the defendant personally or using any form of mail that the clerk addresses and sends, requiring a signed receipt.  Fed. R. Civ. P. 4(f)(2).

ORDER - 5

1    of service are not prohibited by international agreement and are therefore permitted by

2    Rule 4(f)(3).

3            China is a signatory to the Hague Convention.  *See* Contracting Parties, Hague

4    Conference on Private International Law, https://www.hcch.net/en/instruments/

5    conventions/status-table/?cid=17 (last visited May 3, 2022).  At the outset, it is

6    questionable whether the Hague Convention applies to the facts of this case.  The Hague

7    Convention expressly does not apply where the address of the foreign defendant is

8    unknown.  *See* Hague Convention, art. 1 ("This Convention shall not apply where the

9    address of the person to be served with the document is not known."); *see also*

10   *Amazon.com v. Tian*, No. C21-0159TL, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17,

11   2022) (citing cases that authorized service by email where the defendants' physical

12   addresses were unknown).  Thus, here, where the address Yalong provided on its

13   "gYaron" seller profile is apparently false or inadequate (*see* Shewmake Decl. Ex. B), the

14   Hague Convention arguably does not apply in the first instance and therefore does not

15   prohibit service of process by the methods Padded Spaces now proposes.

16           Even if the Hague Convention applies, the court concludes that service by email

17   and via the Amazon.com storefront messaging system are permissible methods of service

18   under Rule 4(f)(3).  Service through a country's Central Authority, as Padded Spaces

19   attempted here, is the principal means of service under the Hague Convention.  *See*

20   *Rubies Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. C18-1530RAJ, 2019 WL

21   6310564, at *2 (W.D. Wash. Nov. 25, 2019).  Article 10 of the Hague Convention,

22   however, "preserves the ability of parties to effect service through means other than a

recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used." *Id.* (citing Hague Convention, art. 10). China has expressly rejected service through the means enumerated in Article 10, including service through postal channels and through its judicial officers. *Id.*; *see* Declaration/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited May 3, 2022) (stating the People's Republic of China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention"). Article 10, however, does not mention service by email or other electronic communications, and multiple courts in the Ninth Circuit have concluded that China's objection to Article 10 does not prohibit alternative service of process by electronic communications to defendants located in China. *See Rubies Costume Co.*, 2019 WL 6310564, at *3 (citing cases authorizing service on defendants located in China via email and/or online messaging systems); *id.* at *4 (authorizing service of process on defendants located in China via email and Amazon seller account storefronts). Consistent with these cases, the court concludes that the Hague Convention and Rule 4(f)(3) do not prohibit service of process on Yalong by email and via Amazon.com's storefront messaging system.

**B.   Due Process**

Second, the court considers whether service of process on Yalong by email and via Amazon.com's storefront messaging system comports with constitutional due process— that is, whether these methods are "reasonably calculated, under all the circumstances, to

1  apprise interested parties of the pendency of the action and afford them an opportunity to

2  present their objections." *Mullane*, 339 U.S. at 314.  The court concludes that Padded

3  Spaces's proposed methods of service satisfy due process.  Based on counsel's

4  investigation, Yalong "appears to conduct the vast majority, if not all, of its business

5  online" through its Amazon.com storefronts.  (Shewmake Decl. ¶ 7.)  Thus, it can be

6  reasonably inferred that Yalong uses the communication methods associated with those

7  storefronts to conduct its online business.  Amazon.com provided the

8  3034240135@qq.com email address associated with Yalong's "zhanwang" seller profile

9  address to Padded Spaces in response to an inquiry.  (*Id.* ¶ 13.)  Counsel for Padded

10  Spaces emailed this address and received confirmation that delivery of the message was

11  complete.  (*Id.* ¶¶ 14-15.)  Customers with questions about Yalong's products use the

12  "Ask a Question" button on Yalong's Amazon.com seller profile page to contact Yalong

13  through Amazon's storefront messaging system.  (*Id.* ¶¶ 8-9.)  Counsel messaged Yalong

14  through the "gYaron" seller page and received a confirmation that the message was sent.

15  (*Id.* ¶¶ 10-12.)  Based on these facts, the court is satisfied, under the circumstances, that

16  service by email to the 3034240135@qq.com email address and via message sent to the

17  "gYaron" seller profile using Amazon.com's storefront messaging system is "reasonably

18  calculated" to apprise Yalong of this action.  Accordingly, the court GRANTS Padded

19  Spaces's motion for alternative service.

20  ### IV.   CONCLUSION

21  For the foregoing reasons, the court GRANTS Padded Spaces's motion for

22  alternative service (Dkt. # 12).  Pursuant to Federal Rule of Civil Procedure 4(f)(3), the

1    court AUTHORIZES Padded Spaces to effect service on Yalong by serving the summons

2    and first amended complaint (Dkt. # 5) upon Yalong via email to 3034240135@qq.com

3    and/or via the storefront messaging system available on the "gYaron" seller profile on

4    Amazon.com.  The court further ORDERS Padded Spaces to advise the court of the

5    status of service no later than thirty (30) days after entry of this order.

6          Dated this 5th day of May, 2022.

7

8

9                            JAMES L. ROBART
                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 9