UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PADDED SPACES LLC, | CASE NO. C21-0751JLR |
| Plaintiff, | ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| DAVID WEISS, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff Padded Spaces LLC's ("Padded Spaces") motion for entry of default judgment against Defendant Yalong Technology Co. Ltd. ("Yalong"). (Mot. (Dkt. # 20).) Padded Spaces also seeks, as a remedy, the entry of a permanent injunction preventing Yalong from infringing Padded Spaces's intellectual property rights. (*Id.* at 11-15.) Yalong has not filed a response to the motion, nor has it otherwise appeared in this action. (*See generally* Dkt.) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised, the court

GRANTS Padded Spaces's motion for default judgment and its request for a permanent injunction.

## II. BACKGROUND

Padded Spaces filed this lawsuit against Defendants David Weiss, Gutbench LLC, Gutbanch Inc., and Yalong (collectively, "Defendants") on June 8, 2021. (Compl. (Dkt. # 1).) It amended its complaint on August 8, 2021. (Am. Compl. (Dkt. # 5).) On September 16, 2021, Padded Spaces voluntarily dismissed its claims against all of the Defendants except Yalong. (9/16/21 Not. (Dkt. # 8).)

Padded Spaces designs and manufactures products that "enhance[e] consumers' use of tablets, laptops, and other similar devices." (Am. Compl. ¶ 13.) One of its most popular products is the Prop 'n Go Slim lap desk ("Prop 'n Go Lap Desk"), which "provides a more comfortable way for users to use their tablets, laptops, and other devices." (*Id.* ¶ 14.) On December 16, 2014, Padded Spaces obtained U.S. Patent No. 8,910,838 (the "'838 Patent") for its Prop 'n Go Lap Desk. (*Id.* ¶¶ 18-21; *see id.*, Ex. A.)

Padded Spaces alleges that Yalong, an entity organized under the laws of the People's Republic of China, is unlawfully selling products that infringe on Padded Spaces's patent and trade dress in its Prop 'n Go Slip lap desk (the "Accused Products") on Amazon.com through the seller accounts "zhanwang" and "gYaron."[1] (*See generally*

---

[1] The product description on Amazon.com is "Tablet Pillow Holder for Lap, sproerden Pillow Stand with 14 Adjustable Angels for iPad Pro/iPad Air/iPad Mini, Also Compatible with Amazon Fire Samsung Tab and More Tablets." (*See* 7/15/22 Shewmake Decl. (Dkt. # 20-1) ¶ 4, Ex. B (July 6, 2022 screenshot of gYaron's listing for the Accused Product on Amazon.com); *see also* Am. Compl., Ex. B at 2 (Amazon.com order details for the Accused Product purchased from gYaron, bearing a similar description).)

ORDER - 2

Am. Compl.) It alleges claims against Yalong for patent infringement under 35 U.S.C. § 271 (*id.* ¶¶ 41-53); trade dress infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a) (*id.* ¶¶ 54-59); unfair and deceptive trade practices in violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020 (*id.* ¶¶ 60-64); common law trade dress infringement (*id.* ¶¶ 65-68); and common law unfair competition (*id.* ¶¶69-72). In relevant part, Padded Spaces seeks a permanent injunction to prevent Yalong from continuing to infringe Padded Spaces's patent and trademark rights. (*See id.* at 23-24.[2])

On May 5, 2022, the court granted Padded Spaces's motion for alternative service of process after Padded Spaces was unsuccessful in its efforts to serve Yalong in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). (5/5/22 Order (Dkt. # 14).) Specifically, the Central Authority designated by the People's Republic of China was unable to locate Yalong despite searching multiple databases and making inquiries to local officials. (*See id.* at 3.) The court granted Padded Spaces leave to serve Yalong using the email address associated with the "zhanwang" Amazon seller profile and by message sent to the "gYaron" seller profile through the Amazon.com storefront messaging system. (*Id.* at 6-8); *see Rubies Costume Co. v. Yiwu Hua Hao Toys Co., Ltd.*, No. C18-1530RAJ, 2019 WL 6310564, at *4 (W.D. Wash. Nov. 25, 2019) (authorizing

---

[2] Although Padded Spaces included requests for damages and attorney's fees in its prayer for relief (*see id.* at 24), Padded Spaces does not seek monetary relief in its motion for default judgment (*see* Mot. at 9).

service of process on defendants located in China via email and Amazon seller account storefronts). Padded Spaces effected service using these alternative methods on May 10, 2022. (Aff. of Service (Dkt. # 15).) After Yalong did not answer or otherwise defend against the allegations in Padded Spaces's amended complaint, Padded Spaces moved for default. (Mot. for Default (Dkt. # 16).) The Clerk entered default against Yalong on June 6, 2022. (Entry of Default (Dkt. # 17).)

### III.   ANALYSIS

Below, the court analyzes its jurisdiction over this matter and then considers Padded Spaces's motion for entry of default judgment and request for a permanent injunction.

**A.   Jurisdiction**

When considering entry of default judgment, the court must first examine its jurisdiction over the subject matter and the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court does so below.

    1.   <u>Subject Matter Jurisdiction</u>

There can be no reasonable dispute that the court has subject matter jurisdiction over this matter. The court has federal question jurisdiction over Padded Spaces's claims for patent infringement and for trade dress infringement and false designation under the Lanham Act. 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . and trademarks."). It has supplemental jurisdiction over Padded Spaces's state-law claims for unfair and deceptive trade practices, common law trade dress

infringement, and common law unfair competition because those claims are "so related" to the patent, trade dress, and false designation claims as to "form part of the same case or controversy." 28 U.S.C. § 1367.

### 2. Personal Jurisdiction

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute is coextensive with federal due process requirements. *See* RCW 4.28.185; *see also Downing v. Losvar*, 507 P.3d 894, 905-06 (Wash. Ct. App. 2022) (noting that "the Washington Supreme Court has consistently ruled that the state long-arm statute permits jurisdiction over . . . foreign corporations to the extent permitted by the due process clause of the United States Constitution."). The court must consider "whether the requirements of due process are satisfied by [its] exercise of personal jurisdiction over" Yalong. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The Ninth Circuit uses a three-prong test to determine whether a non-resident defendant is subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Based on these factors, the court concludes that its exercise of specific personal jurisdiction over Yalong is proper. First, Padded Spaces has alleged that Yalong "purposefully and intentionally availed" itself "of the privileges of doing business in the State of Washington" by selling its infringing products in Washington (through the Amazon.com website) to customers and potential customers who reside in Washington. (Am. Compl. ¶¶ 11, 23, 42; *id.*, Ex. B.) Second, Padded Spaces's claims arise from Yalong's conduct directed toward Washington. (*See id.* ¶¶ 41-72.) Finally, there is no evidence in the record that would indicate that the court's exercise of jurisdiction would be unreasonable; to the contrary, Yalong was properly served with the summons and complaint over two months ago and has failed to appear in this action. (*See generally* Dkt.) Satisfied that it has both subject matter and personal jurisdiction, the court proceeds to consider Padded Spaces's motion for default judgment.

**B.     Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) provides that after default is entered, courts have discretion to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also* Local Rules W.D. Wash. LCR 55(b). In evaluating a motion for default judgment, the court must accept all well-pleaded allegations of the complaint as established fact, except for those allegations related to the amount of damages. *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)

(quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). When deciding whether to enter a default judgment, courts in the Ninth Circuit consider the following factors:

> (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to the excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). The court considers each of these *Eitel* factors in turn and determines that entering a default judgment is appropriate in this case.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor supports default judgment because otherwise, Padded Spaces will be "without other recourse for recovery." *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Yalong has defaulted, it is deemed to have admitted the truth of Padded Spaces's allegations regarding its past and continuing loss of market share, goodwill, and reputation. *Id.*; (Am. Compl. ¶¶ 23-26, 51). The court concludes that Padded Spaces will suffer prejudice if the court does not enter default judgment.

### 2. Substantive Merits and Sufficiency of the Complaint

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing *PepsiCo., Inc. v. Cal. Sec.*

*Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). They "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo., Inc.*, 238 F. Supp. 2d at 1175. Because Padded Spaces has sufficiently alleged the elements of each of its claims as described below, the court concludes that the second and third *Eitel* factors weigh in favor of default judgment.

    a. *Patent Infringement under 35 U.S.C. § 271*

A defendant infringes a patent when it "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent" without authorization. 35 U.S.C. § 271(a). Padded Spaces has sufficiently alleged that its '838 Patent is valid and enforceable (Am. Compl. ¶¶ 19-21); that Defendants' product meets the limitations of claims 1-4 and 8-9 of the '838 Patent (*id.* ¶¶ 43-49 (detailed charts illustrating how the Accused Product meets these claims)); and that Defendants "make, use, offer to sell, or import, or a combination of the foregoing, into the United States the Accused Product without the authorization or consent of Padded Spaces" (*id.* ¶ 25). The court concludes that Padded Spaces has stated a claim for patent infringement.

    b. *Trade Dress Infringement and False Designation of Origin under 15 U.S.C. § 1125(a)*

To prove trade dress infringement, Padded Spaces must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between Padded Spaces's product and the Accused Product. *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th

Cir. 2009) (citing *Disc Golf Ass'n v. Champion Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998)). To prevail on its false designation of origin claim, Padded Spaces must establish that Yalong "use[d] in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of [Yalong] with [Padded Spaces], or as to the origin, sponsorship, or approval of [its] goods by [Padded Spaces]." 15 U.S.C. § 1125(a)(1)(A).

Padded Spaces has sufficiently alleged each of these elements. First, Padded Spaces has alleged that its trade dress is nonfunctional. (Am. Compl. ¶¶ 27-28 (describing the Prop 'n Go Lap Desk trade dress); *id.* ¶ 31 (alleging that the trade dress "is non-functional and is not essential to the use or purpose of the Prop 'n Go Lap Desk").) Second, Padded Spaces has alleged in detail that its trade dress in the Prop 'n Go Lap Desk has secondary meaning. (*Id.* ¶¶ 32-33 (alleging that its trade dress is "inherently distinctive," has "acquired secondary meaning," and that "[c]onsumers widely recognize [its trade dress] as indicating goods that come from a single source").) Finally, Padded Spaces alleges that Yalong has "incorporate[d] each of the elements . . . that make up the Padded Spaces Trade Dress" in its Accused Product and that, as a result, there is a substantial likelihood that Yalong's

> unauthorized use of the Padded Spaces Trade Dress . . . is likely to cause confusion, or to cause mistake, or to deceive consumers concerning the source of the parties' goods and with respect to whether Padded Spaces has sponsored, endorsed, or licensed [Yalong's] products and whether there is any connection or affiliation between [Yalong] and Padded Spaces.

(*Id.* ¶¶ 35-37.) The court concludes that Padded Spaces has stated a claim for trade dress infringement and for false designation of origin under the Lanham Act.

    c.  *Unfair and Deceptive Trade Practices under RCW 19.86.020*

Under the CPA, a private plaintiff must prove: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). "Absent unusual circumstances, the analysis of a CPA claim will follow that of the [federal] trademark infringement and unfair competition claims; it will turn on the likelihood of confusion regarding a protectable mark." *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010).

The court has already found that Padded Spaces sufficiently alleged facts to establish a likelihood of confusion in its analysis of Padded Spaces's Lanham Act claims. Padded Spaces also sufficiently alleges facts to support each of the five elements of a CPA claim. (Am. Compl. ¶¶ 60-64.) The court concludes that Padded Spaces has stated a claim for unfair and deceptive trade practices under the CPA.

    d.  *Common Law Trade Dress Infringement and Unfair Competition*

"The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition." *Safeworks, LLC*, 717 F. Supp. 2d at

1192; *see also Multifab, Inc. v. ArlanaGreen.com*, 122 F. Supp. 3d 1055, 1067 (E.D. Wash. 2015) ("Washington state courts have adopted the 'likelihood of confusion' standard for common law and statutory unfair competition claims").  Therefore, because Padded Spaces has sufficiently stated claims for trade dress infringement and false designation of origin under the Lanham Act, it has also sufficiently stated its claims for trade dress infringement and unfair competition under Washington common law.

        3.      <u>Sum of Money at Stake</u>

When a plaintiff seeks only injunctive relief and no monetary damages in its motion for default judgment, the fourth *Eitel* factor weighs in favor of default judgment.  *See PepsiCo., Inc.*, 238 F. Supp. 2d at 1176-77.  Here, Padded Spaces seeks only a permanent injunction against Yalong's continued infringement of its intellectual property rights.  (Mot. at 9; *see also* Prop. Order (Dkt. # 20-4) (detailing the relief sought).)  Accordingly, the court finds that the fourth factor supports entry of default judgment.

        4.      <u>Possibility of a Dispute over Material Facts</u>

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case."  *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.  Where, as here, the defendant has defaulted, the court must accept all well-pleaded allegations of the complaint as established fact, except those related to damages.  *Derek Andrew, Inc.*, 528 F.3d at 702.  Therefore, there is no possibility of a genuine dispute regarding any material fact in this case, and this factor weighs in favor of default judgment.

### 5. Excusable Neglect

The sixth *Eitel* factor considers the possibility that the defendant's default resulted from excusable neglect. Here, there is no indication that Yalong has defaulted due to excusable neglect. Padded Spaces served Yalong in accordance with the court's order granting leave for alternative methods of service. (5/5/22 Order; Aff. of Service.) Padded Spaces has provided proof that the summons and first amended complaint were successfully emailed to the email address associated with the "zhanwang" Amazon seller profile. (5/18/22 Shewmake Decl. (Dkt. # 15-1) ¶¶ 3-4, Exs. A-B.) It has also provided proof that its message transmitting the summons and first amended complaint to "gYaron" seller profile through the Amazon storefront messaging system was successfully delivered. (*Id.* ¶¶ 5-6, Exs. C-D.) Finally, Padded Spaces successfully emailed its motion for entry of default to the email address associated with the "zhanwang" profile. (7/15/22 Shewmake Decl. ¶ 3, Ex. A.) Accordingly, the court finds no evidence that Yalong's default was the result of excusable neglect. *See Philips Oral Healthcare, LLC v. Shenzhen Sincere Mold Tech. Co.*, No. C18-1032TSZ, 2019 WL 1572675, at *8 (W.D. Wash. Apr. 11, 2019) (finding no excusable neglect where defaulting defendants were served by email and through their Alibaba storefronts, as authorized by the court). Thus, the sixth *Eitel* factor, too, weighs in favor of default judgment.

### 6. Policy Favoring Decisions on the Merits

Although there is a preference for deciding cases on the merits, this preference is not dispositive. *See Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR,

2011 WL 1584424, at *3 (W.D. Wash. Apr. 27, 2011).  Because Yalong's "failure to answer [Padded Spaces's] [amended c]omplaint makes a decision on the merits impractical, if not impossible," the "preference to decide cases on the merits does not preclude [t]he court from granting default judgment." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  The court concludes that the seventh *Eitel* factor also favors entry of default judgment.

In sum, the court concludes that all seven of the *Eitel* factors weigh in favor of entry of default judgment in favor of Padded Spaces and against Yalong.  Accordingly, the court GRANTS Padded Spaces's motion for default judgment.

**C.   Permanent Injunction**

Padded Spaces asks the court to enjoin Yalong from:

1. Making, using, offering to sell, selling, and/or importing into the United States any product that infringes the '838 Patent, including without limitation the [Accused Products];

2. Manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling any product that is confusingly similar to [Padded Spaces's] trade dress embodied in its Prop 'n Go Lap Desk, including without limitation the [Accused Products];

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, account, storefront, or any other means of manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, offering for sale, and/or selling of products that infringe the '838 Patent or [Padded Spaces's] trade dress embodied in the Prop 'n Go Lap Desk for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any injunction ordered by the Court in this Action; and

  4. Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (1) to (3) above.

(Prop. Order at 2.) A plaintiff seeking a permanent injunction must demonstrate (1) that it suffered an irreparable injury; (2) that the injury cannot be compensated adequately by remedies at law, such as monetary damages; (3) that the balance of hardships favors the plaintiff; and (4) that the public interest is not disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006). The court concludes that Padded Spaces has met this test.

  First, the court is persuaded that Yalong's infringements of Padded Spaces's patent and trademark rights have caused and continue to cause harm to Padded Spaces's market share, business reputation, and consumer goodwill. (*See* Am. Compl. ¶¶ 23-26, 51.) These injuries are irreparable because they are "neither easily calculable, nor easily compensable." *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 3d 1058, 1066 (N.D. Cal. 2000). Furthermore, as Padded Spaces points out, there is a rebuttable presumption of irreparable injury upon a finding of a violation of the Lanham Act, and the court finds no evidence in the record that would rebut such a presumption. (*See* Mot. at 12 (quoting 15 U.S.C. § 1116(a)).)

  Second, the court agrees that monetary damages would not adequately compensate Padded Spaces for these harms. The types of harm that Padded Spaces alleges it has suffered and continues to suffer are not easily quantifiable. *See Bidder's Edge, Inc.*, 100 F. Supp. 3d at 1066. And Yalong's failure to appear suggests that its infringing behavior may continue. *See Amazon.com Inc. v. Robojap Techs. LLC*, No. C20-0694MJP, 2021

WL 5232130, at *4 (W.D. Wash. Nov. 10, 2021) ("Given Quatic's decision not to continue to appear in this case, there can be no assurances that Quatic will no longer engage in the conduct at issue in this case.  This satisfies the Court that monetary damages alone are insufficient.").  For these reasons, the court concludes that Padded Spaces does not have an adequate remedy at law.

Third, Padded Spaces stands to suffer further harm through Yalong's continued infringement of Padded Spaces's intellectual property rights (*see, e.g.*, 7/15/22 Shewmake Decl. Ex. B (July 6, 2022 screenshot of gYaron's listing for the Accused Product)), and this harm outweighs any hardship to Yalong that would result from an injunction against its unlawful conduct.  Furthermore, the court concludes that Padded Spaces's proposed injunction is sufficiently narrowly tailored because it seeks to enjoin only conduct that infringes its rights in the '838 Patent and its product's trade dress.  *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) ("[A]n injunction must be narrowly tailored . . . to remedy only the specific harms shown by the plaintiffs, rather than to 'enjoin all possible breaches of the law.'" (quoting *Zepeda v. INS*, 753 F.2d 719, 727-28 & n.1 (9th Cir. 1983))).

Finally, preventing Yalong from selling its infringing products serves the public interest by reducing the likelihood of consumer confusion and protecting intellectual property rights from infringement.  *See, e.g.*, *Treemo, Inc. v. Flipboard, Inc.*, 53 F. Supp. 3d 1342, 1368 (W.D. Wash. 2014) (concluding the same in a trademark infringement case).  The court concludes, therefore, that a permanent injunction on the terms requested by Padded Spaces is warranted in this case.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Padded Spaces's motion for entry of default judgment and for a permanent injunction (Dkt. # 20). The court ORDERS as follows:

    A. The court finds that Yalong has infringed claims 1-4 and 8-9 of Padded Spaces's U.S. Patent No. 8,910,838 ("the '838 Patent") in violation of 35 U.S.C. § 271(a); infringed and committed acts of unfair competition and false designation of origin in violation of Padded Spaces's common law trade dress rights under 15 U.S.C. § 1125(a); engaged in unfair and deceptive trade practices in violation of RCW 19.86.020; violated Padded Spaces's trade dress rights under Washington State common law, and committed acts of unfair competition in violation of Washington State common law.

    B. Yalong and its respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with any of them are permanently restrained and enjoined from:

        1. Making, using, offering to sell, selling and/or importing into the United States any product that infringes the '838 Patent, including without limitation the "Tablet Pillow Holder for Lap, sproerden Pillow Stand with 14 Adjustable Angels for iPad Pro/iPad Air/iPad Mini, Also Compatible with Amazon Fire Samsung Tab and More Tablets" (including, for example, with corresponding Amazon identification number ASIN: B08FX35D6C or ASIN: B08JLS6KQM), sold, for

example, under the "sproerden" brand through the "gYaron" storefront on Amazon.com, and any infringing variation thereof.

2. Manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling any product that is confusingly similar to Padded Spaces's trade dress embodied in its Prop 'n Go Lap Desk, including without limitation the infringing products referenced in paragraph B.1 above.

3. Effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, account, storefront, or any other means of manufacturing, producing, importing, exporting, advertising, marketing, promoting, distributing, displaying, using, offering for sale, and/or selling of products that infringe the '838 Patent or Padded Spaces's trade dress embodied in the Prop 'n Go Lap Desk for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any injunction ordered by the Court in this Action; and

4. Assisting, aiding, or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in paragraphs B.1 to B.3 above.

C. In addition to the means of providing actual notice contemplated and permitted by the Federal Rules of Civil Procedure and any other applicable rules and laws, service of this order by the alternative means of service authorized by this court in its May 5, 2022 order (Dkt. # 14) shall be deemed to constitute the

receipt of actual notice of this Order by Yalong and its respective officers, agents, servants, employees, and attorneys.

Dated this 22nd day of July, 2022.

_A_

JAMES L. ROBART
United States District Judge